IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIA JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-4316 |
| THOMAS JEFFERSON UNIVERSITY | : | |
| HOSPITAL, et al. | : | |

## MEMORANDUM

Ditter, J.                                                                                                                              February 4, 2014

This is an employment discrimination case filed by plaintiff Khalia Jones under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*[1] Jones' employer was defendant Thomas Jefferson University Hospital ("TJUH"). Defendants moved to dismiss all race-based claims included in the amended complaint and all claims against the individually named defendants Barbara Seger Alpini and Anthony J. DiMarino, M.D. (Dkt. # 25).[2] The motion was granted for the following reasons.

---

[1] This case was previously assigned to the Honorable Edmund V. Ludwig and was reassigned to my docket on January 12, 2015. The docket shows that Judge Ludwig dismissed Jones' racial discrimination claims by order dated March 21, 2014, and that order indicated that a memorandum would follow. (Dkt. # 45). The chambers' file included a draft memorandum prepared by Judge Ludwig, but he was unable to sign or file it before the case was transferred to me. I have amended and adopted that draft as my own memorandum in support of his March 21, 2014 order.

[2] The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is well-established. I must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1. Racial Discrimination Claims

According to the amended complaint,[3] Jones, an African-American woman, was employed by defendant as a full-time endoscopy technician from October 14, 2007 until April 1, 2010. *Am. Comp*. ¶ 14. Throughout her employment at TJUH, defendants Barbara Seger Alpini and Anthony J. DiMarino, M. D. were Jones' supervisors. *Id*. at ¶ 19. In January of 2010, Jones informed her supervisors that she was pregnant and requested that she be excused from performing procedures involving radiation, as other white technicians had been when they became pregnant. *Id*. at ¶¶ 27, 28. Alpini and Dr. DiMarino refused this request. *Id*. at ¶ 30. As Jones' pregnancy progressed, her lead apron became too small to cover her stomach and she again requested that she be relieved of performing radiation-type procedures or given an appropriate sized apron. *Id*. Jones was told by a human resources representative that she could continue her duties, take FMLA leave, or be fired. *Id*. at ¶ 67. Jones responded that she did not want to take FMLA leave because she wanted to save it for the birth of her child. *Id*. at ¶ 71. Jones continued her duties until April 1, 2010, when she was allegedly terminated for failing to perform a task assigned to her, misrepresenting information to her supervisor, and walking off the job. *Id*. at ¶ 93.

---

[3] On November 15, 2013, Judge Ludwig granted the Defendants' motion to partially dismiss the complaint. Jones' claims of racial discrimination were dismissed with prejudice, however, she was given leave to amend her disability claims. Jones filed an amended complaint that includes amendments to her racial discrimination claims. Although it would be proper to simply strike the paragraphs related to these claims pursuant to Federal Rule of Civil Procedure 15(a)(2) and the November 15, 2013 order, it is clear that the additional factual assertions will not save the claims from dismissal.

Under Title VII and the PHRA, an employee must exhaust all administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC") or Pennsylvania Human Rights Commission ("PHRC") prior to filing suit under the statutes. *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). At the end of 180 days, under both statutes, the employee is entitled to sue.[4] The employee is restricted, however, and may not bring a claim that was not included in the original EEOC or PHRC charge and exhausted at the administrative level.

Courts narrowly determine the scope of the administrative complaint by including only claims that are reasonably within the scope of the complainant's original complaint and those claims that a reasonable investigation by the administrative agency would have encompassed. *Sencherey v. Stout Rd. Associates, Inc.*, 2011 WL 499981,*6 (E.D. Pa., Feb. 11, 2011). This standard prevents a plaintiff from expanding a claim or an investigation by alleging new and different facts when later bringing claims in the district court. *Noble v. Maxim Healthcare Services, Inc.*, 2012 WL 3019443, *7 (D.N.J., July 24, 2012). "Claims that have a common factual basis with those alleged in the administrative charge may be asserted in federal court because the administrative process has placed the defendant on notice of the factual basis underlying the previously unasserted claims." *Sencherey*, 2011 WL 499981 at *6. The most important consideration in determining whether the plaintiff's judicial complaint is reasonably within the scope of her original

---

[4] As the court explained in *Flora*, courts have held that the PHRA should be interpreted consistently with Title VII. 2013 WL 664194 at*3 n.2 (E.D. Pa., Feb. 25, 2013).

complaint is the factual statement; the mere failure to check a box on the original complaint is not a fatal error. *Flora v. Wyndcroft School*, 2013 WL 664194, *4 (E.D. Pa., Feb. 25, 2013). Moreover, a plaintiff's oral statement to an agency representative that is not reflected in the original complaint is not adequate to satisfy the exhaustion requirement. *Vela v. Village of Sauk*, 218 F.3d 661, 665 (7th Cir. 2000).

A review of the administrative proceedings reveals that Jones' PHRC complaint raised only pregnancy related sex discrimination against TJUH. *See Def.'s Mot. to Dismiss*, Exhibit A. Count 1 asserts sex discrimination based on pregnancy due to the hospital's denial of her request for reassignment. Count 2 asserts sex discrimination based on pregnancy because of the hospital's decision to suspend her. Jones completed a questionnaire that also makes no reference to racial discrimination. *Id.,* Exhibit B. A review of the PHRC's findings also includes no mention of race or racial discrimination. *Id.*, Exhibit C.

In spite of this record, Jones contends that she told PHRC agents that she wanted to make a race claim, but they did not follow her instructions. *See Am. Compl.* at ¶ 85, 87. Her assertion is unpersuasive for several reasons.

First, Jones provides no explanation for the fact that she signed the administrative complaint without a racial discrimination claim if she intended to assert one. As discussed above, statements made to an administrative agency that are not reflected in the

4

charge or complaint do not satisfy the exhaustion requirement.  Second, Jones completed a questionnaire setting forth her charges in her own hand.  She identified the class she was basing her claims on by checking the boxes for "retaliation" and "non-job related disability" (pregnancy), and did not check the "race" box on the PHRC form.  Third, and more importantly, Jones' handwritten narrative describes how she was treated as compared with an employee with a sprained wrist (she was given light duty and Jones was not), and there is no mention of race.  Finally, the PHRC findings are limited to claims based on gender (pregnancy) discrimination only – as would be expected when other issues were not before the PHRC.

    Jones asserts further that when she received TJUH's answer to the PHRC complaint, she responded by letter describing the discrimination and poor treatment she received as a result of her pregnancy.  Jones was represented by counsel (not current counsel) at the time she submitted this letter to the PHRC.  *See Def.'s Mot. to Dismiss*, Exhibit A ("Angelo L. Cameron, Esquire Attorney for Ms. Jones").  Her letter details her disagreement with the reasons for her termination as set forth in her discharge letter.  Again she asserts no facts that would indicate her intention to raise a claim of racial discrimination.  In fact, she never identifies the race of anyone involved referenced in her letter or in her PHRC charges.  The only mention of race is found in the last sentence of her letter where Jones states, "I feel these false allegations by Ms. Alpini are false excuses to terminate me based on my pregnancy, without cause and without justification, and

amounts to wrongful termination and discharge in violation of the Family and Medical Leave Act of 1992, as well as racial and sex discrimination."

As discussed above, the most important consideration in determining whether Jones' federal complaint is reasonably related to her administrative charge is the factual statement. The last sentence in Jones's response to TJUH's answer to her charges is the only mention of race at the administrative level. The agency clearly did not consider her complaint to include racial discrimination and Jones fails to provide any further factual basis for the claim to be considered within the scope of the original complaint. *See Sencherey*, 2011 WL 499981 at *5 (holding, where plaintiff relied on the same facts in making her race claim as she did in making her gender discrimination claim she failed to satisfy the exhaustion requirements).

2. Claims Against the Individual Defendants

Defendants also asked that all claims against Ms. Alpini and Dr. DiMarino be dismissed because they were not specifically named in the caption of the PHRA complaint (and Dr. DiMarino is not even identified in the narrative), and therefore, Jones has not exhausted her administrative remedies with respect to those individuals.

"In exhausting her administrative remedies, plaintiff is required to name all persons alleged to have committed acts of discrimination." *Kunwar v. Simco*, 135 F. Supp.2d 649,653 (E. D. Pa., April 3, 2011). "Bringing suit against a defendant without

first exhausting administrative remedies thwarts the purpose of review." *Dreisbach v. Cummins Diesel Engines*, 848 S.Supp.2d 593, 596 (E.D. Pa., 1994).  This Court has recognized circumstances where a plaintiff may be permitted to sue a party not named in the administrative complaint, if the unnamed party received notice and there is a shared commonality of interest with the named party. Kunwar v. Simco, a Div. of Illinois Tool Works, Inc., 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001).  However, this exhaustion exclusion is inapplicable where nothing in the administrative charge suggested discriminatory action by the party. See Dixon v. Philadelphia Housing Authority, 43 F. Supp. 2d 543, 546 (E.D. Pa. 1999) (holding, where plaintiff failed to allege discriminatory acts by the unnamed party in the administrative complaint, the exhaustion exclusion was inapplicable).

A review of the administrative proceedings shows the TJUH was the only defendant named in Jones' complaint and no claims were raised or decided concerning any individual employee or supervisor.  Jones did not mention Dr. DiMarino anywhere in her PHRC charge and she did not allege that Nurse Alpini engaged in any discriminatory or retaliatory conduct.  Rather, Jones alleges that "Respondent" (TJUH) discriminated against her based on her pregnancy.

Accordingly, Defendants' motion to dismiss Jones' claims of racial discrimination claims were granted by order of the court on March 21, 2014, because Jones failed to exhaust her administrative remedies.  In addition, Jones' claims against Nurse Alpini and

Dr. DiMarino will be dismissed on the ground that Jones failed to exhaust her administrative remedies with respect to these individuals.