IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIA JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON | : | NO. 13-4316 |
| UNIVERSITY HOSPITALS, INC. | | |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                                              March 19, 2015

      The Honorable J. William Ditter has referred a motion for contempt against Desmond Jackson, a non-party in this employment discrimination/retaliation case.  See Docs. 46 & 91.[1]  The motion is based on Mr. Jackson's failure to appear at his properly noticed deposition.[2]  I ordered Defendant[3] to provide a list of costs and fees associated with the deposition, and also ordered Mr. Jackson to appear for a hearing on March 9, 2015, to show cause why the court should not hold him in contempt for failing to attend his deposition.  Mr. Jackson did not appear at the hearing, and I now grant the contempt motion in part.

---

[1] The Honorable Edmund V. Ludwig originally referred the motion in March of 2014.  See Docs. 49 & 50.  However, a motion for reconsideration of a related matter impeded my ability to address the motion. In the interim, the matter was transferred from Judge Ludwig's docket to Judge Ditter's.

[2] Prior to the date of the deposition, Judge Ludwig denied Plaintiff's motion to quash the subpoena.  See Doc. 39.

[3] Since the time of the filing of the original motion, Judge Ditter has dismissed two individual defendants from the action.  See Doc. 93.  Therefore, throughout this Memorandum, I will refer to the single remaining defendant

I.    **Facts Relevant to the Contempt Motion**

On March 12, 2014, defense counsel sent a subpoena to Mr. Jackson, noticing his deposition for March 20, 2014.  See Doc. 46-1 at 2-3 (ECF pagination).  It was personally served on Mr. Jackson on March 13, 2014.  See id. at 6.  Mr. Jackson failed to appear on March 20.  Defense counsel and a court reporter waited approximately half an hour and defense counsel called and left a message for Mr. Jackson.  See id. at 15.  Fifteen minutes later, defense counsel put a statement on the record regarding her attempts to contact Mr. Jackson.  Id.[4]

The following day, Defendant filed the contempt motion, requesting an order to show cause hearing why contempt sanctions should not issue to Mr. Jackson based on his failure to obey the subpoena.  See Doc. 46.  On February 10, 2015, I issued a Rule to Show Cause Order, scheduling a hearing for March 9, 2015, ordering Mr. Jackson to attend the hearing to explain his reasons for failing to attend the deposition.  See Doc. 95.[5]  On February 25, 2015, defense counsel provided a certification of costs and fees associated with the cancelled deposition totaling $4,435.50.  See Doc. 103.  Defense

___

[4] Plaintiff's counsel had contacted defense counsel earlier in the day to advise that he (Plaintiff's counsel) would be unable to attend the deposition, but asked that it proceed without him.  See Doc. 46-1 at 8.

[5] I signed the order on February 10, 2015, but it was not docketed until the following day.  My staff mailed copies of the order to Mr. Jackson at two different addresses – one in Merion Station where the original subpoena was sent and one in Bala Cynwyd, where Plaintiff's counsel stated Mr. Jackson currently lived with Plaintiff.  The mailing sent to Merion Station was returned to the court with the notation "Return to Sender Not Deliverable as Addressed Unable to Forward."  The mailing sent to Bala Cynwyd was not returned to the court.

counsel advised the court that the certification of costs and fees was also sent to Mr. Jackson at the Bala Cynwyd address, and obtained a return receipt signed by Plaintiff.

On March 9, 2015, I convened the hearing, but Mr. Jackson failed to attend. Plaintiff's counsel represented that he had met with both Plaintiff and Mr. Jackson at their home a few days before the hearing, and he submitted a hand-written letter dated March 7, 2015, from Mr. Jackson. The letter is addressed "To whom it may concern," and states that Mr. Jackson had just started a new job at the time of his deposition and could not take any time off and did not know whom to contact. The letter did not state that he would not be attending the hearing or provide any excuse for not doing so.

## II.    Legal Standard

According to Federal Rule of Civil Procedure 45(g), a court that has issued a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Whether to hold a nonparty in contempt is "within the discretion of the Court." Shahin v. State, Civ. No. 10-956, 2013 WL 5273297, at *3 (D. Del. Sept. 18, 2013) (quoting Barnes Found. v. Twp. of Lower Merion, Civ.No. 96-372, 1997 WL 169442, at *5 (E.D. Pa. Apr. 7, 1997)). Federal Rule of Civil Procedure 37(b)(1) allows the court to sanction a party or representative if he/she, after notice, fails to appear to be deposed. The Third Circuit has held that Rule 37(b)(1) is the proper mechanism to sanction a non-party. See Gen. Ins. Co. of Am. v. E. Consol. Util., Inc., 126 F.3d 215, 220 (3d Cir. 1997).[6] In

---

[6]Rule 37(b)(1) speaks in terms of the violation of a court order -- "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question, and

3

General Insurance, the deponent failed to abide by a document request which resulted in the cancellation of the deposition. The district court held the deponent in contempt and ordered him to pay Plaintiff's expenses and attorneys' fees. Id. at 219-20. The Third Circuit upheld both the finding of contempt and the sanction, but noted that there are "due process limits on rules providing for discovery sanctions," including that the sanction must be just. Id. at 220.

---

the deponent fails to obey . . . ." Fed. R. Civ. P. 37(b)(1). In this case, the subpoena was issued by defense counsel as an officer of the court. The question is whether an attorney-issued subpoena is considered a court order for purposes of Rule 37. In General Insurance, the court had already issued an order compelling the deposition. However, the Third Circuit relied upon a Ninth Circuit case in which no court order preceded the motion for sanctions. Rather than denying the contempt motion on that basis, the Ninth Circuit found that the subpoena was defective. Gen. Ins. 126 F.3d 215, 218 (citing Miller v. Transamerican Press, Inc., 709 F.2d 524, 526, 531-32 (9th Cir. 1983)).

     I have found differing opinions on the issue. The Honorable J. Curtis Joyner, relying on a New Jersey district court opinion, held that sanctions under Rule 45(e) require violation a court order and failure to abide by a subpoena was insufficient. Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust, Civ. No. 09-663, 2011 WL 1636985, at *5 (D. Del. Apr. 29, 2011) (citing Kant v. Seton Hall Univ., Civ. No. 00-5204, 2009 WL 5033927, at *1 (D.N.J. Dec. 14, 2009)). However, in determining the propriety of attorney authorized subpoenas, the Honorable Kim R. Gibson discussed the history and amendments to Rule 45 and concluded that "defiance of an attorney-issued subpoena is defiance of a court order, subjecting a defiant witness to contempt sanctions." Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 380 (W.D. Pa. 2005) (citing Productos Mistolin, S.A. v. Mosquera, 141 F.R.D. 226, 228 (D.P.R. 1992)). I am persuaded by Judge Kim's analysis. The Advisory Notes to the 1991 amendments to Rule 45 explain the evolution of the subpoena process and the expanding roles of counsel in issuing subpoenas. The Advisory Note states, "[a]lthough the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45 advisory committee's note 1991 Amendment.

4

**III.     Discussion**

In this case, Mr. Jackson was properly served with a subpoena and failed to appear for his deposition at the designated time. In his only communication with the court (the letter provided to the court by Plaintiff's counsel at the Rule to Show Cause Hearing), Mr. Jackson stated that he had just started a new job and did not know whom to contact about the situation. However, defense counsel's name and contact information, including phone number, appeared on the subpoena. Mr. Jackson made no attempt to reschedule it and failed to notify counsel that he would not be attending, resulting in a waste of both counsel's time and that of the court reporter. Similarly, when given the opportunity to explain his failure to appear, Mr. Jackson failed to appear before me despite an order to do so. Notice of the hearing was provided to him by mail and it is obvious from his letter that he was aware of the hearing. Thus, I find Mr. Jackson in contempt for failing to appear for his deposition.

Now, I turn to the sanction. Defense counsel has presented the court and Mr. Jackson with a list of costs and fees totaling $4,435.50 related to the cancelled deposition. However, many of the fees and costs listed are not related solely to the cancelled deposition. For example, defense counsel has lumped together the time for the preparation for and attendance at the cancelled deposition and time spent researching and preparing the contempt motion. At this point, defense counsel is awaiting Judge Ditter's summary judgment decision before determining whether it will depose Mr. Jackson prior to trial. See Doc. 103 at 1 n.1. Thus, it may well be that the time dedicated to preparation for Mr. Jackson's deposition may be necessary if Judge Ditter denies

5

summary judgment and Mr. Jackson is deposed. Thus, I do not find that counsel's preparation time should be compensated.

I believe counsel and the court reporter should be compensated for the time they waited for Mr. Jackson when he failed to appear for the deposition without any notice. According to counsel, she attempted to contact Mr. Jackson after waiting thirty minutes, and then waited an additional fifteen minutes. Thus, counsel, who bills at $250 an hour is entitled to $187.50 for the 45 minutes she waited. The court reporter's fees were $337.50. These fees are clearly attributable to Mr. Jackson's failure to appear.[7] However, the cost of the transcript that was made of counsel's memorializing what had happened is exorbitant. The cost for a nine-page transcript is listed at $193. The transcript is nine pages, including a three-page introduction, a two-page index, and a one-page certificate. That amounts to $64.33 a page for the three meaningful pages. I will not require Mr. Jackson to incur this cost.

Counsel also seeks the fees associated with the preparation and drafting of the contempt motion. I note that the Third Circuit has included the costs of the sanctioning proceedings in the Rule 11 context. See In re Tutu Wells Contamination Litig., 120 F.3d 368, 388 (3d Cir. 1997), overruled on other grounds, Comuso v. Nat'l R.R. Passenger Corp., 267 F.3d 331, 339 (3d Cir. 2001). I also recognize that the contempt motion was triggered by Mr. Jackson's failure to abide by the subpoena and appear for his deposition. However, I believe under the circumstances that $525 is a "just" sanction for Mr.

---

[7] Had Mr. Jackson notified counsel that he would not be attending, these fees would not have been incurred.

Jackson's contempt.[8]  I also order Mr. Jackson to appear for a deposition if he is subpoenaed after Judge Ditter's summary judgment decision.

      An appropriate Order follows.

---

[8]Although counsel included researching and drafting the contempt motion in a block of time which also included preparation for and attending the deposition of Mr. Jackson, they also listed a total of 4.7 hours solely devoted to the motion for sanctions. This amounts to $1,260 for a five and one-half page memorandum of law.